### BAYRON *v*. SOTO NUSSA, DISTRICT JUDGE.

APPLICATION for a writ of *mandamus*.

No. 131.—Decided March 15, 1910.

MANDAMUS—JUDMENT—ADEQUATE REMEDY.—Where a district judge, after sustaining a demurrer based on the ground of want of jurisdiction, refuses to render final judgment at the instance of the aggrieved party, on the ground that said decision is final, the writ of *mandamus* is the adequate remedy to compel the judge to perform an act which is one of his duties and attributes, which is to render final judgment in such a case.

ID.—UNAPPEALABLE DECISION—DECISION ON DEMURRER—ALLEGING WANT ;OF JURISDICTION.—A demurrer based on the want of jurisdiction is not a final judgment because it does not in itself constitute a final determination of the rights of the parties in the action in which it is rendered, and no appeal lies therefrom to this court.

ID.—DECISION ON DEMURRER—RIGHTS OF AGGRIEVED PARTY.—Where a decision is made upon a demurrer to the complaint, the defendant may ask permission to amend his complaint or he may ask that final judgment be rendered thereon, in order that he may take his appeal.

The facts are stated in the opinion.

*Mr. José E. Benedicto* for petitioner.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Emilia Bayron, the widow of Rafucci, and others brought an action in the District Court of Aguadilla against Carmen García, the widow of Cruz, José Arrarás and Noaín Antonio Díaz y González and José B. Pérez, seeking the annulment of proceedings, the cancellation of records and other matters in an action prosecuted in the municipal court of Añasco, which belongs to the judicial district of Mayagüez.

Some of the defendants demurred to the complaint on a number of grounds including among them, that "the Dis-

trict Court of Aguadilla lacked jurisdiction'' because an action was involved relating to the annulment of proceedings in a municipal court over which only the District Court of Mayagüez has jurisdiction.

A hearing having been had on the demurrer, the judge considered only the principal ground involving the question of jurisdiction and by order of November 12, 1909, he held that, by reason of the subject matter or object of the litigation, he lacked jurisdiction to take cognizance thereof, with the costs against the plaintiffs.

The plaintiffs prayed the court to render judgment in order to enable them to take an appeal, inasmuch as the above order was not appealable according to the Code of Civil Procedure and the reiterated jurisprudence of this Supreme Court.

The judge of the Aguadilla court denied this petition by order of December 22, 1909, on the ground that the state of the proceedings did not permit it, and because the order of November 12, 1909, is in his opinion final in that it terminates the matter, thereby preventing the complaint from being amended.

The petitioners apply to this Supreme Court for a peremptory writ of *mandamus,* directing said judge to render judgment, and they state that they resort to this extraordinary remedy because they have no other adequate, speedy and effectual remedy in the ordinary course of the law.

As a matter of fact, the petitioners are without any adequate remedy other than a writ of *mandamus,* for which they have applied, the purpose whereof is to compel the judge of the Aguadilla court to perform an act which comes within his powers or duties, this being the purpose of the Act approved March 12, 1903, establishing the privileged remedy of *mandamus.*

There is no doubt of the fact that the order of November 12, 1909, is not a judgment, because it does not in itself constitute a final determination of the rights of the parties in

the action in which it was rendered, according to the provisions of section 188 of the Code of Civil Procedure.

If this be the case no appeal lies from that order to this Supreme Court, because the provisions of subdivision one of section 295 of the said Code are opposed thereto, inasmuch as they permit an appeal only when a final judgment rendered by a district court is involved, or when dealing with the cases specifically enumerated in subdivision three of the said section.

Thus the law virtually implies the necessity of a real judgment so that the party who believes himself prejudiced may take the ordinary appeal.

If the demurrer sustained had been of such a character as to permit the amendment of the complaint, the plaintiff could have asked leave to amend it, or that judgment should be rendered, but as in this case the nature of the demurrer sustained by the court precluded the amendment of the complaint, the plaintiffs had reason to ask for the rendition of the proper judgment in order to take therefrom an ordinary appeal, because otherwise, according to the law and the frequent jurisprudence of this court, an appeal does not lie from an order of the character of that of November 12, 1909.

See among other cases the following: (*Cintrón* v. *Figueroa* [13 P. R. Rep., 323], decided December 16, 1907; *Otero* v. *Estate of Monroig* [15 P. R. Rep., 122], decided February 23, 1909.)

Therefore, the Aguadilla judge who held that he lacked jurisdiction to take cognizance of the complaint, should have dismissed it on these grounds, with the costs against the plaintiffs.

Under the circumstances, the peremptory writ of *mandamus* should issue, directing said judge to render judgment in the manner indicated.

*Application granted.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.